IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK CHALMERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.   15-cv-44-MJR-SCW |
| | ) |
| ANGEL RECTOR, | ) |
| VIPIN SHAH, | ) |
| LADONNA LONG, | ) |
| KIMBERLY FERRARI, | ) |
| THOMAS SPILLER, and | ) |
| JANE DOE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Pursuant to 42 U.S.C. § 1983, *pro se* Plaintiff Mark Chalmers filed this complaint alleging that Defendants Angel Rector, LaDonna Long, Kimberly Ferrari, and a Jane Doe Nurse were deliberately indifferent to a lesion on his nose and other painful conditions related to his nose and that they denied or delayed his referral to a doctor.[1]  Plaintiff also alleges that Defendant Vipin Shah was deliberately indifferent for canceling a biopsy of Plaintiff's nose lesion by an outside provider and by refusing to provide Plaintiff with any pain relief during the biopsy that Shah offered to perform.  This matter is currently before the Court on Plaintiff's motion for a preliminary injunction (Doc. 61).   Defendants have filed a response (Doc. 63) in opposition to the motion.   For

---

[1] Defendants Shah, Long, and Ferrari have identified themselves by their proper names, which are set forth in the caption of this order.  The Court **DIRECTS** the **CLERK** to make appropriate substitutions to the docket to reflect the Defendants' proper names.

the reasons stated below, the Court **DENIES** Plaintiff's motion for preliminary relief.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's third amended complaint is the operative complaint in this case (Doc. 26). As narrowed by the threshold order, Plaintiff's complaint alleges that he has a persistent lesion on the bridge of his nose which he claims is from a spider bite that he suffered in July or August 2013 (Doc. 25, p. 8). Since the spider bite, his skin in that area continues to decay and fall off and regrow. Plaintiff also claims that there is a "foreign stitch" in the wound (*Id.*). Plaintiff suffers pain from the nose lesion, including pain in his eyes and ears, as well as migraines (*Id.*). His breathing is also impaired. Plaintiff believes that the persistent wound could develop into skin cancer (*Id.*).

Plaintiff was seen by Defendant Rector on May 29, 2014 for the lesion (Doc. 25, p. 8). Rector attempted to remove the stitch but was unsuccessful (*Id.*). She then indicated that no foreign material was present and denied Plaintiff any further treatment (*Id.*). Plaintiff saw Defendant Long on June 6 and 13, 2014, again asking to have the stitch in his nose removed (*Id.* at p. 9). He also complained of congestion as well as eye and ear pain (*Id.*). Plaintiff refused to pay the prison's co-pay and was not referred to a doctor (*Id.*). Plaintiff then saw Defendant Ferrari on July 28, 2014 for the same issues and he was given Tylenol but did not see the prison doctor (*Id.*). Plaintiff alleged that the pain was intense and was covering the entire bridge of his nose.

Plaintiff saw Dr. Shah on August 8, 2014 for his nose lesion (Doc. 25, p. 9). Shah told him that nothing could be done to remove the stitch but that he would prescribe

antibiotic ointment and a bandage (*Id.*). Plaintiff alleges that he never received those items. He saw Long again on August 14, 2014 for the same issues with congestion and pain (*Id.*). While she indicated he would see a doctor he did not (*Id.*). He also asked for care from Ferrari on August 21, 2014 but she refused him care (*Id.*).

Plaintiff later requested care again for his nose to Defendant Long and he was seen by Dr. Shah on December 23, 2014 (Doc. 25, p. 10). Shah informed Plaintiff that he would undergo a biopsy at an outside facility but then told Plaintiff on December 30, 2014 that the outside referral was not approved due to funding and that Shah would perform the biopsy (*Id.*). He allegedly told Plaintiff that no pain medication would be given during the procedure, that he would not stitch the wound closed, and that it would leave a large scar (*Id.*). Plaintiff asked for pain medication but was refused (*Id.*). Plaintiff ultimately declined to have the biopsy done by Shah.

Plaintiff's original complaint was accompanied by a motion for a preliminary injunction and a permanent injunction (Doc. 2). In the Court's threshold order, the undersigned denied that motion because the third complaint showed that Plaintiff had received treatment for his nose, including an attempt to remove the stitch, and that he had been given the opportunity to have a biopsy by Shah and refused (Doc. 25, p. 20). Given these facts, the Court found that Plaintiff did not show that he was likely to succeed on the merits or that he would suffer irreparable harm without the injunction.

Plaintiff has now filed another motion for a preliminary injunction. Plaintiff argues that an injunction is needed to prevent irreparable harm and that Defendants will

not suffer if the motion is granted (Doc. 61, p. 1).  Plaintiff indicates that he has probable skin cancer, or at the very least a severe infection, and says that foreign material is still embedded in his nose (*Id.*).  Plaintiff requests that he be sent to an outside facility for a biopsy of his nose and for additional medical scans.  He also wants the stitch removed.  Defendants have filed a response (Doc. 63), arguing that Plaintiff has not properly alleged the elements required for a preliminary injunction, as his motion is completely devoid of facts and alleges only bare bones legal conclusions.

## LEGAL STANDARD

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  *Mazurek v. Armstrong*, **520 U.S. 968, 972 (1997);** *see also Winter v. Natural Res. Def. Council, Inc.*, **555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right").**  To obtain a preliminary injunction, a plaintiff must show that he is likely to succeed on the merits, that he is likely to suffer irreparable harm without an injunction, that the harm he would suffer is greater than the harm an injunction would inflict on defendants, and that the injunction is in the public interest.  *Judge v. Quinn*, **612 F.3d 537, 546 (7th Cir. 2010).**  The "considerations are interdependent: the greater the likelihood of success on the merits, the less net harm the injunction must prevent in order for preliminary relief to be warranted."  *Id.*

In the context of prisoner litigation, there are further restrictions on the courts' injunctive power.  The scope of the court's authority to enter an injunction in the

corrections context is circumscribed by the Prison Litigation Reform Act. *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the Act, preliminary relief "must be narrowly drawn," "extend no further than necessary to correct the harm," and "be the least intrusive means necessary to correct that harm." **18 U.S.C. §3626(a)(2);** *see also Westefer*, **682 F.3d at 683 (the Act "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage").**

The Seventh Circuit has described injunctions like the one sought here, where an injunction would require an affirmative act by the defendant, as a mandatory injunction. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). Mandatory injunctions are "cautiously viewed and sparingly issued," since they require the court to command a defendant to take a particular action. *Id.; see also W.A. Mack, Inc. v. Gen. Motors Corp.*, **260 F.2d 886, 890 (7th Cir. 1958) ("A preliminary injunction does not issue which gives to a plaintiff the actual advantage which would be obtained in a final decree.").**

### ANALYSIS

On the facts and arguments presented here, the Court finds that Plaintiff has not met his burden of demonstrating that a preliminary injunction is warranted in this case. Plaintiff's motion is a bare bones, one paragraph motion stating that a preliminary injunction should be granted to avoid irreparable harm. Plaintiff does not state what harm he will suffer if a preliminary injunction is not granted. He merely restates his belief that he may have skin cancer or an infection on his nose and that he wants a biopsy

and further scans. Plaintiff does not indicate what a scan will show and, as the Court noted in its denial of Plaintiff's original motion for injunctive relief, Plaintiff was offered a biopsy at the prison. Plaintiff has not shown why a biopsy at an outside facility, as opposed to one performed at the prison by Shah or another prison doctor, is needed. Plaintiff's motion includes less information than his previous motion that this Court denied. Thus, the Court finds that Plaintiff has not stated any additional facts which would lead this Court to find that a preliminary injunction is now warranted in this case.

### CONCLUSION

The Court **DENIES** Plaintiff's motion for preliminary injunctive relief (Doc. 61).

**IT IS SO ORDERED.**

DATED: **July 5, 2016**

/s/ **Michael J. Reagan**
**Chief Judge Michael J. Reagan**
**United States District Court**